UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITFIELD,<br><br>        Plaintiff,<br><br>    v.<br><br>NEENAH, INC., WILLIAM C. COOK, DONNA M. COSTELLO, MARGARET S. DANO, TIMOTHY S. LUCAS, PHILIP C. MOORE, JULIE A. SCHERTELL, SHRUTI SINGHAL, and TONY R. THENE,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on March 28, 2022 (the "Proposed Transaction"), pursuant to which Neenah, Inc. ("Neenah" or the "Company") will be acquired by Schweitzer-Mauduit International, Inc. ("Schweitzer") and Samurai Warrior Merger Sub, Inc. ("Merger Sub").

2. On March 28, 2022, Neenah's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Schweitzer and Merger Sub. Pursuant to the terms of the Merger Agreement, following the Proposed Transaction, Neenah's stockholders will receive 1.358 shares of Schweitzer common stock for each share of Neenah common stock they own.

3. On May 18, 2022, defendants filed a registration statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Neenah common stock.

9. Defendant Neenah is a Delaware corporation and a party to the Merger Agreement. Neenah's common stock is traded on the New York Stock Exchange under the ticker symbol "NP."

10. Defendant William M. Cook is Chairman of the Board of the Company.

11. Defendant Donna M. Costello is a director of the Company.

12. Defendant Margaret S. Dano is a director of the Company.

13. Defendant Timothy S. Lucas is a director of the Company.

14. Defendant Philip C. Moore is a director of the Company.

15. Defendant Julie A. Schertell is a director of the Company.

16. Defendant Shruti Singhal is a director of the Company.

17. Defendant Tony R. Thene is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

19. Neenah is a leading global manufacturer of specialty materials serving customers across six continents, with headquarters in Alpharetta, Georgia.

20. The Company is focused on growing in filtration media, specialty coatings, engineered materials and imaging and packaging.

21. On March 28, 2022, Neenah's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, following the Proposed Transaction, Neenah's stockholders will receive 1.358 shares of Schweitzer common stock for each share of Neenah common stock they own.

23. According to the press release announcing the Proposed Transaction:

Schweitzer-Mauduit International, Inc. (NYSE: SWM) ("SWM") and Neenah, Inc. (NYSE: NP) ("Neenah"), two leading global manufacturers of specialty materials, today announced that they have entered into a definitive agreement to combine in

an all-stock merger of equals with combined revenues of approximately $3 billion, expanded scale and capabilities, and accelerated growth opportunities. . . .

Under the terms of the agreement, which was unanimously approved by the Boards of Directors of both companies, shareholders of Neenah will receive 1.358 shares of SWM common stock for each share of Neenah common stock owned. Following the closing of the transaction, SWM shareholders will own approximately 58 percent of the combined company, and Neenah shareholders will own approximately 42 percent of the combined company, in each case, on a fully diluted basis. . . .

Headquarters, Leadership and Governance

The combined company will remain headquartered in Alpharetta, Georgia and will be led by a proven management team that reflects the strengths and capabilities of both organizations. Upon close, Julie Schertell, President and Chief Executive Officer of Neenah, will serve as President and Chief Executive Officer of the combined company. Dr. Jeff Kramer, Chief Executive Officer of SWM, will serve as a strategic advisor for the combined company following the close of the transaction. A new name for the combined company will be selected in connection with the merger.

The new Board will consist of nine directors, five of whom will be from the SWM Board and four of whom will be from the Neenah Board, including Ms. Julie Schertell. John D. Rogers, Non-Executive Chairman of the SWM Board, will serve as Non-Executive Chair of the combined company's Board of Directors.

Approvals and Closing

The transaction has been unanimously approved by the Boards of Directors of both SWM and Neenah. The merger is expected to close in the second half of 2022, subject to Neenah and SWM shareholder approval, regulatory approvals and other customary closing conditions.

Advisors

J.P. Morgan Securities LLC is serving as financial advisor and King & Spalding LLP is serving as legal advisor to SWM. Perella Weinberg Partners LP is serving as financial advisor and Bryan Cave Leighton Paisner LLP is serving as legal advisor to Neenah. Cravath, Swaine & Moore LLP is serving as legal advisor to the independent members of the Neenah Board of Directors.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

24. Defendants filed the Registration Statement with the SEC in connection with the

Proposed Transaction.

25. As set forth below, the Registration Statement omits material information.

26. First, the Registration Statement omits material information regarding the Company's and Schweitzer's financial projections.

27. The Registration Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

28. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Perella Weinberg Partners LP ("Perella Weinberg").

30. With respect to Perella Weinberg's Selected Publicly-Traded Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies.

31. With respect to Perella Weinberg's Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the terminal values used in the analyses; (ii) the individual inputs and assumptions underlying the discount rates and multiples used in the analyses; and (iii) the fully diluted shares used in the analyses.

32. With respect to Perella Weinberg's Research Analyst Price Targets analysis, the Registration Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

33. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34. The omission of the above-referenced material information renders the Registration Statement false and misleading.

35. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Neenah**

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Neenah is liable as the issuer of these statements.

38. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

39. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote

on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

41. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

42. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

43. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of Neenah within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Neenah and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

48. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 20, 2022                     **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Gina M. Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com

*Attorneys for Plaintiff*